## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN TROY KING, | § | |
| (TDCJ-CID #1639395) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1344 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, John Troy King, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 176th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 12), and copies of the state court record. King has filed his response. (Docket Entry No. 16). After consideration of the motion and response, the record, and applicable authorities, the court grants respondent's motion, for the reasons stated below.

## I.    Background

On February 5, 2010, King pleaded guilty to the felony offense of murder with a deadly weapon. (Cause Number 1088100). On April 12, 2010, the court sentenced King to forty-five years imprisonment. King filed an application for state habeas corpus relief on April 6, 2011, which the Texas Court of Criminal Appeals denied without written order, on June 25, 2014. (Docket Entry No. 10-6, *Ex parte King,* Application No. 80,768-02, p. 1).

On May 15, 2014, this court received King's federal petition.  King contends that his conviction is void because he did not enter his guilty plea voluntarily.  He argues that his guilty plea was involuntary because counsel, Kennitra Foote, rendered ineffective assistance by:

(1) promising him that he would receive no more than five to ten years in prison,

(2) telling King he was eligible for probation,

(3) failing to present the victim's toxicology report at sentencing,

(4) failing to interview and call two witnesses,

(5) telling King he would get eighty years in prison if he went to trial,

(6) failing to convey a plea offer of fifteen years, and

(7) failing to file an appeal and properly admonish King of his appeal rights.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-9).

## II.    The Standard of Review

This court reviews King's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).  A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an

unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).  A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495.  Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).  This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

King is proceeding *pro se.* A *pro se* habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets King's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.   The Claim as to the Voluntariness of the Guilty Plea

King claims that his guilty plea was involuntary because counsel, Foote, gave him erroneous advice. A federal court upholds a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and

intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).  If the record shows that the defendant "understood the charge and its consequences," this court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on February 5, 2010, King appeared in open court and entered a plea of guilty. (Docket Entry No. 9-7, *Ex parte King,* Application No. 80,768-02, pp. 10-17).  The court admonished King, in writing, as to the nature of the offense charged - murder - and the punishment range. (*Id*. at 12).  King signed a document containing thirteen statements and waivers.  King placed his initials beside each of the admonishments.  The document stated, in part:

(1)    I am mentally competent and I understand the nature of the charge against me;

(2)    I understand the admonishments of the trial court set out herein;

(3)    I hereby WAIVE the right to have the trial court orally admonish me;

(4)    I WAIVE the right to have a court reporter record my plea;

(5)    I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the consequences, as set out above, should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation;

(6)    I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P. I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a

report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me. Therefore, I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report and request that said report not be made prior to the imposition of sentence herein. I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P;

(7)      I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred;

(8)      I further understand that if I was under 21 years of age at the time I committed the offense of driving while intoxicated, or an offense involving the manufacture, possession, transportation or use of an alcoholic beverage, or the manufacture, delivery, possession, transportation or use of a controlled substance, dangerous drug or simulated controlled substance that my Texas driver's license or my privilege to obtain a Texas driver's license and a driver's license in many other states will be automatically suspended for one (1) year from the date sentence is imposed or suspended in open court and that my driver's license suspension shall remain in effect until I attend and successfully complete an alcohol education program in this state. And, if I am over 21 years of age and I receive a final conviction or a suspended sentence for driving while intoxicated, or for violating the Controlled Substances Act, or a drug offense, my Texas driver's license will be suspended, and will remain suspended until I successfully attend and complete a drug or alcohol education program as prescribed by law, report the successful completion to the Court in which I was convicted, and the Texas Department of Public Safety receives notice of the completion. I also understand that I may be

eligible to receive a restricted license from the court during this period of suspension.

(9)    I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

(10)    I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney;

(11)    I read and write/understand the English language; the foregoing Admonishments, Statements, an Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely Mike Fosher, before I signed them, and I consulted fully with my attorney before entering this plea;

(12)    Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea. I am mentally competent to stand trial and my plea is freely and voluntarily made. If my counsel was appointed, I waive and give up any time provided me by law to prepare for trial. I am totally satisfied with the representation provided by my counsel and I received effective and competent representation. Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross-examination of the witnesses. I consent to oral and written stipulations of evidence in this case. I have read the indictment and I committed each and every element alleged. I waive and give up my right of confidentiality to the pre-sentence report filed in the case and agree that the report may be publicly filed.

(Docket Entry No. 9-7, *Ex parte King,* Application No. 80,768-02, pp. 15-17).

By initialing the statements, King acknowledged that he was entering a plea, and that the

punishment range was five to ninety-nine years; that he fully understood the consequences of the plea

and had consulted with counsel; and that he freely and voluntarily entered his plea in open court,

with his counsel's approval.  King's signature indicates that he understood the nature of the charge against him and the consequences of his plea.

King also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION."  By his signature, King stated that he waived his constitutional right to a trial by jury; to the appearance, confrontation, and cross-examination of witnesses; and his right against self-incrimination. (Docket Entry No. 9-7, *Ex parte King,* Application No. 80,768-02, p. 11).

King attested to the truth of the allegations in the indictment and confessed that he had committed the acts on October 7, 2006.  King, his attorney, and the State executed this document. King's court-appointed defense attorney signed the plea of guilty and a statement that he had fully discussed the plea and its consequences with King and believed that King had entered his plea knowingly and voluntarily. (*Id.* at 11).

By signing each of the documents and pleading guilty, King made declarations entitled to significant weight.  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)).  The trial court determined that King had entered his plea knowingly and voluntarily after discussing the case with his attorney. (Docket Entry No. 11-1, State Court Record, p. 11).  The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court found:

27. Foote negotiated a plea bargain wherein the applicant would plead "no contest" to the trial court, and proceed to a punishment hearing.

28. As part of the negotiated plea agreement, the State agreed to abandon the enhancement paragraph to reduce the minimum punishment range from fifteen years to life in TDCJ-ID down to five years to life in TDCJ-ID. *See Writ Application Exhibit B-2.*

29. The trial court advised the applicant that because the State abandoned the enhancement paragraph as part of the plea bargain, he had no right to appeal. *See Writ Application Exhibit B-3.*

30. The docket sheets show that the trial court admonished the applicant as to the consequences of his plea, thereby establishing a prima facie showing of a knowing and voluntary plea. *Fuentes v. State,* 688 S.W.2d 542 (Tex. Crim. App. 1985). *See State's Writ Exhibit F, Docket Sheets in cause number 1088100.*

31. The totality of the circumstances shows that the applicant's plea was voluntary. *Griffin v. State,* 703 S.W.2d 193, 196 (Tex. Crim. App. 1986).

32. The applicant fails to overcome the presumption of regularity concerning guilty pleas.   *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004); *Wilson v. State,* 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

33. The applicant fails to overcome the presumption that his plea was knowing and voluntary. *Fuentes v. State,* 688 S.W.2d 542 (Tex. Crim. App. 1985).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 76-77).

The Texas Court of Criminal Appeals also denied relief on King's claim for postconviction relief.  On habeas review, the federal courts are bound by the credibility choices made by the state court. *Hogue v. Johnson,* 131 F.3d 466, 505 (5th Cir. 1997).   As a federal court in a habeas proceeding, this court is required to grant a presumption of correctness to a state court's explicit and

implicit findings of fact if supported by the record. *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).

"When one reasoned state court decision rejects a federal claim, subsequent unexplained orders upholding that judgment or rejecting the same claim are considered to rest on the same ground as did the reasoned state judgment." *Bledsue v. Johnson,* 188 F.3d 250, 256 (5th Cir. 1999). This "look through" doctrine enables a federal habeas court "to ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *Id.; see also Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994) (finding that the denial of relief "on the findings of the trial court" by the Texas Court of Criminal Appeals adopts an express finding by the trial court that a claim was procedurally barred from habeas review); *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

In this case, the Texas Court of Criminal Appeals denied without written order King's state habeas application raising this claim. Because the state habeas court issued the last reasoned opinion on this matter, this court "looks through" the Texas Court of Criminal Appeals' order to the state habeas court's decision. The Texas Court of Criminal Appeals' response to his state application stating, "Denied Without Written Order," implies the state's highest court rejected King's claims on the merits. *See Henderson v. Cockrell,* 333 F .3d 592, 598 (5th Cir. 2003). Further, the state trial court entered detailed findings of fact and conclusions of law refuting King's allegations regarding the voluntariness of his guilty plea in response to his state application. Under the "look through" doctrine, this court may look through the denial of the Court of Criminal Appeals to the state trial court's findings on these matters. *Jackson v. Johnson,* 194 F.3d 641, 651 (5th Cir. 1999).

The state habeas court found that King had entered his guilty plea freely and voluntarily. The Court of Criminal Appeals implicitly based its denial of habeas relief on this finding. These credibility determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). King has not produced clear and convincing evidence to rebut this finding. The state court record fairly supports the explicit finding that King's guilty plea was voluntary. The record shows that King voluntarily entered a guilty plea after consulting with counsel. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. King's claim for habeas relief based on the involuntariness of his guilty plea lacks merit, and relief cannot be granted. 28 U.S.C. § 2254(d)(1).

## IV.    The Claim of Ineffective Assistance of Counsel

King claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel. King asserts that counsel failed to conduct an adequate pretrial investigation.

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *see Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962). In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*;

*Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998).  A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997)(quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors the defendant would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996).  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

In the context of an ineffective-assistance-of-counsel claim subject to AEDPA deference, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 131 S. Ct. at 785. While "[s]urmounting *Strickland*'s high bar is never an easy task," "establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* at 788 (citations omitted). "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision;

and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786. Put simply, both the *Strickland* standard and the AEDPA standard are "highly deferential" and "when the two apply in tandem, review is 'doubly' so." *Id.* (citations omitted).

Because King pleaded guilty to the offense, the relevant inquiry is whether counsel's performance interfered with King's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).

King stated, in court, in writing that he understood the trial court's admonishments; and fully understood the consequences of his guilty plea; and freely and voluntarily pleaded guilty. King also stated, in court, in writing that he had discussed the contents of the court's written admonishments with his attorney and understood them, and he was satisfied with the representation trial counsel had provided. These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

From the record before it, the court has found that counsel's performance did not interfere with King's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the

defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith,* 711 F.2d at 682.

King's claims that his counsel failed to conduct an adequate investigation of the facts and present a defense, do not meet the criteria necessary to overcome waiver or provide a basis for habeas relief on the merits. King is not entitled to habeas relief on these claims. Alternatively, the court finds that this claim lacks merit.

The state habeas court found:

> 1.   Trial counsel Kennitra Foote is no longer licensed to practice law in the State of Texas as of December 10, 2013. *See State's Writ Exhibit A, State Bar of Texas Attorney Information page for Kennitra Foote, attached hereto.*
>
> 2. Foote did not execute an affidavit.
>
> 3.   Harris County District Attorney's Office Investigator Don Cohn has made several efforts to locate Foote, most of them unsuccessful. *See State's Writ Exhibit 8, Affidavit of Don Cohn.*
> . . .
>
> 9. In all things, the applicant fails to show that but for Foote's alleged deficient conduct, a reasonable probability exists that the result of the proceeding would have been different.
>
> 10. A totality of the circumstances demonstrates that the applicant was afforded counsel sufficient to protect his right to reasonably effective assistance of counsel. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 72-73).

The state habeas court concluded:

> 1. The applicant fails to demonstrate, by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State,* 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).

2. To make a showing of ineffective assistance of counsel, "it is not enough that counsel's errors could have had 'some conceivable effect on the outcome of the proceeding.'" *See Ex parte Napper,* AP-76,284 & AP-76,285, slip op. at 78 (Tex. Crim. App. Sept. 29, 2010) (citing *Strickland v. Washington,* 466 U.S. 668, 693 (1984)).

3. The court will not "second-guess through hindsight" the strategy of counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex. Crim. App. 1979[).]

4. Reasonably effective assistance of counsel is reviewed based on the totality of the representation and the particular circumstances of the case. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

5. In reviewing counsel's performance, the court indulges a strong presumption that he acted within the wide range of reasonable professional assistance. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

6. A totality of the circumstances demonstrates that the applicant was afforded counsel sufficient to protect his right to reasonably effective assistance of counsel. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 79-80).

This court must afford the state court's factual findings a presumption of correctness, which King has failed to rebut. 28 U.S.C. § 2254(d)(2). Counsel reviewed the evidence against King and advised King to enter a guilty plea. Counsel advised King about the legal options and discussed the advantages and disadvantages of each. Based on her review of the evidence and her knowledge of the law, counsel told King that he should enter a plea of guilty. Counsel's actions were based on

well-informed strategic decisions, and they are well within the range of practical choices not to be second-guessed. The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

King has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in counsel's performance. King has failed to show that there was a reasonable probability that but for her alleged unprofessional errors, King would not have entered a guilty plea. King received a forty-five-year prison term when he pleaded guilty. King has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from five to ninety-nine years.

On habeas review, the state trial court found that King had voluntarily entered his guilty plea. The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). King's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

### A.    The Improper Coercion Claims

In claims one, two, and five, King contends that counsel cajoled him into entering an open plea of guilty, against his will. She also forced King to submit to a pre-sentence investigation hearing. King complains that counsel misled King by promising him that he would get no more than 5 to 10 years; by telling King he was eligible for probation; and telling King he would receive 80 years if he went to trial. King states that he relied on these promises and misinformation of law in entering his plea.

On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the plea will pass constitutional muster. The plea will be upheld even if the state trial judge fails to explain the elements of the offense, provided it is shown by the record . . . that the defendant understood the charge and its consequences. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (citation omitted), *cert. denied,* 474 U.S. 838 (1985).   Entering a plea, despite knowledge of a potential defense, does not negate the voluntariness of the plea.  *North Carolina v. Alford,* 91 S. Ct. 160, 164 (1970).

The standard is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.

To obtain federal habeas relief on the basis of alleged promises, a petitioner must prove that he was promised an "actual sentencing benefit" by showing (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002); *see also United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998).  King did not establish that his counsel promised him a specific substantive sentencing benefit, such as "(1) a downward departure at sentencing; (2) a lesser sentence; or (3) parole, commutation or pardon after a certain period of incarceration." *See Daniel,* 283 F.3d at 704 (footnotes omitted).

King did not present any independent indicia of the likely merit of his allegations because he did not present affidavits from reliable third parties establishing the terms of the alleged promise,

the time and place of the promise, or the identity of any eyewitnesses to the promise. *See Bond v. Dretke,* 384 F.3d 166, 168 (5th Cir. 2004). King did not show that his guilty plea was induced by his counsel "clearly and unequivocally *guaranteeing* a lesser sentence or some other specific leniency." *Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002). King signed the admonishments which included the range of punishment for the first-degree felony to which King pleaded guilty. In consideration for his guilty plea, the state waived the enhancement paragraph which would have increased his minimum punishment from five years to fifteen years. *Id.* at 23, 203, 205. Therefore, King has not established that the state court's denial of relief on this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see also Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).

**B.      Failure to Present Mitigating Evidence**

In claim three, King asserts that Counsel was ineffective for failing to review and present the toxicology report at his sentencing. King argues that the toxicology report held mitigating evidence. Counsel assured King that she would inspect the toxicology report and, if it held evidence showing that the assailant was high on drugs at the time of the altercation, she would present it at sentencing. King took the stand at sentencing and stated on the record that "I was not the aggressor. I actually was, uh, absorbing the aggression at the time." King asserts that the behavior of the victim was therefore extremely important, but no other evidence was brought forth. King contends that the State painted a picture of Mr. Jefferson as only a "kind and caring individual standing up for a friend."

In claim four, King contends that counsel was ineffective for failing to call Ms. Adrienne Price to testify at the Pre-Sentencing Investigation hearing. King claims that she was available and

could have testified about King's prior Wyoming charge of sexual battery.  King offers the affidavit of Ms. Price, in which she testified:

> 13.  I told Ms. Foote on the day of the PSI Hearing that I had personal knowledge and information regarding the Wyoming charges where Troy was wrongfully incarcerated for rape.  The girl that was supposedly raped told me that the DNA evidence was not Troy's and she believed that Troy did not rape her. It was a guy named Chris who did rape her. Troy's attorney knew that the DNA was not Troy's but she withheld that exculpatory evidence from Troy and the Court because he pled guilty to a lesser charge of sexual assault credit for time served. Troy and I did not know the DNA was not his until after the plea agreement was made and over with. The only way we found this information out later was through the victim Ms. Mapp.

(Docket Entry No. 7-2, p. 4).

King next complains that counsel was ineffective for failing to interview Margie Sterling, King's mother, prior to calling her as a witness at the Pre-Sentencing Investigation hearing.  King states that Ms. Sterling knew nothing about the charges and did not offer any mitigating evidence on King's behalf.  King offers the affidavit of his mother, in which she testified that counsel failed to contact her prior to the Pre-Sentencing Investigation hearing on April 12, 2010.  (Docket Entry No. 7-2, pp. 13-14).  The state habeas court found:

> 6.  The applicant fails to show the PSI hearing was actually prejudicial.

> 7. The applicant fails to show how Foote's alleged failure to interview him or his mother prior to their testimony would have changed their testimony, the facts supporting their testimony, or the outcome of the case.
>
> . . .
>
> 36. The applicant fails to show that Foote failed to investigate the facts of the instant case.

37. The applicant fails to show that his conclusory allegations regarding the complainant's drug use would have changed the outcome of the case.

38. The applicant fails to show what further investigative attempts Foote could have made, that[sic] any further investigation would have revealed, or that such investigation would have affected the outcome of the case. *Ex Parte Walker,* 777 S.W.2d 427 (Tex. Crim. App. 1989).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 72-73, 78).

The state habeas court concluded:

8. Defense counsel has a duty to make a proper investigation and prepare for trial. *Ex parte Dunham,* 650 S.W.2d 825 (Tex. Crim. App. 1983).

9. In order to succeed on a claim of ineffective assistance of counsel for failure to investigate, an applicant must show what a more in-depth investigation would have revealed. *Mooney v. State*, 817 S.W.2d 693 (Tex. Crim. App. 1991).

10. The applicant must show how the alleged inadequate preparation affected the outcome of the trial. *Ex parte Walker,* 777 S.W.2d 427 (Tex. Crim. App. 1989).

11. Assuming *arguendo,* that defense counsel limited his investigation, an attorney's decision may be reasonable under the circumstances. *Harris v. Dugger,* 874 F.2d 756, 763 (11th Cir.), cert. denied, 110 S. Ct. 573 (1989); *Butler v. State,* 716 S.W.2d 48, 54 (Tex. Crim. App. 1986).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 81-82).

Decisions on the presentation of evidence and witnesses are essentially strategic. Counsel is entitled to a presumption that his performance was adequate. Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy. *Wilkerson v. Cain,* 233 F.3d 886, 892-93 (5th Cir. 2000)(citing *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983)). There is no basis other than speculation to support King's argument

that the outcome of the Pre-Sentencing Investigation hearing would have been different had counsel

offered the additional evidence.

To the extent King argues that his counsel did not meet with him sufficiently to explore a

plea deal, "[b]revity of consultation time between a defendant and his counsel, alone, cannot support

a claim of ineffective assistance of counsel." *See Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir.

1984) (citing *Jones v. Wainwright,* 604 F.2d 414, 416 (5th Cir. 1979)). "While counsel must devote

sufficient time to ensure an adequate defense in order to render effective assistance . . . time spent

in preparation is only one of the elements to be considered and the totality of facts may not be

over-ridden by a judicial stop watch." *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir. 1974)) (internal

quotation marks omitted). For a petitioner to prevail on a claim that his or her counsel rendered

ineffective assistance by failing to adequately consult with him or her, the petitioner must show "how

more frequent meetings, or meetings longer in duration, with his [or her] attorney would have

changed the nature of the proceedings in his [or her] case." King makes no showing how any more

frequent or longer meetings with counsel would have changed the nature of the proceedings against

him.

The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny

relief was not contrary to clearly established federal law as determined by the Supreme Court of the

United States. 28 U.S.C. § 2254(d)(1). King's claim for habeas relief based on the ineffective

assistance of counsel lacks merit.

## C.     The Failure to Convey Plea Offer

In claim six, King complains that counsel failed to convey the State's plea offer of fifteen

years. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the

prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye,* —— U.S. ——, 132 S. Ct. 1399 (2012).   To prove ineffective assistance, however, a petitioner must not only show that counsel failed to disclose a plea offer, he must also show prejudice. *Id.* at 1409–10.   To show prejudice in this instance, the petitioner must show: a 'reasonable probability' that (1) he would have accepted the plea offer; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and, (3) 'the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.' *Frye,* 132 S. Ct. at 1409.

Furthermore, when a petitioner alleges ineffective assistance where a plea offer has lapsed or the offer has been rejected due to counsel's deficient performance, he must show prejudice as well. *Frye,* 132 S. Ct at 1409. Similar to the showing of prejudice for a failure to communicate claim, petitioners must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. [Petitioners] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . .   To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Id.; Lafler v. Cooper,* —— U.S. ——, 132 S. Ct. 1376, 1385 (2012).

The state habeas court found:

> 41. The applicant fails to meet his burden of providing evidence that the State would not have withdrawn the offer or that the trial court would not have refused to accept the plea bargain.
>
> 42. The applicant's allegation on page ten of the writ application that he did not want to plead guilty, but rather wanted to go to trial renders

> his argument that he would have accepted a plea bargain of fifteen
> years in TDCJ-ID irrelevant.

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, p. 79).

The state habeas court concluded:

> 23. In order to establish prejudice in a claim of ineffective assistance
> of counsel in which a defendant is not made aware of a plea-bargain
> offer, or rejects a plea-bargain because of bad legal advice, the
> applicant must show a reasonable probability that: (1) he would have
> accepted the earlier offer if counsel had not given ineffective
> assistance; (2) the prosecution would not have withdrawn the offer;
> and (3) the trial court would not have refused to accept the plea
> bargain. *Ex parte Argent,* 393 S.W.3d 781, 784 (Tex. Crim. App.
> 2013).
>
> 24. The applicant must allege sufficient facts which, if true, would
> entitle him to relief on his claim. *Ex parte Maldonado,* 688 S.W.2d
> 114, 116 (Tex. Crim. App. 1985).
>
> 25. Conclusory allegations are not enough to overcome the State's
> denial. *Ex parte Empey,* 757 S.W.2d 771, 775 (Tex. Crim. App.
> 1988); *Ex parte Young,* 418 S.W.2d 824 (Tex. Crim. App. 1967).

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 84-85).

The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny

relief was not contrary to clearly established federal law as determined by the Supreme Court of the

United States. 28 U.S.C. § 2254(d)(1). King's claim for habeas relief based on the ineffective

assistance of counsel lacks merit.

**D.     The Failure to File an Appeal**

In claim seven, King complains that counsel was ineffective for failing to file an appeal and

fully admonish King of his appeal rights.

The record shows that on February 5, 2010, King appeared in open court and entered a plea

of guilty. (Docket Entry No. 9-7, *Ex parte King,* Application No. 80,768-02, pp. 10-17). The court

admonished King, in writing, as to the nature of the offense charged - murder - and the punishment

range. (*Id.* at 12).  King signed a document containing statements and waivers.  King placed his

initials beside each of the admonishments.  The document stated, in part:

> I intend to enter a plea of guilty and the prosecutor will recommend
> that my punishment should be set at PSI and I agree to that
> recommendation. I waive any further time to prepare for trial to which
> I or my attorney may be entitled. Further, I waive any right of appeal
> which I may have should the court accept the foregoing plea bargain
> agreement between myself and the prosecutor.

(Docket Entry No. 9-7, *Ex parte King,* Application No. 80,768-02, p. 11).

The state habeas court found:

> 8. The applicant was admonished by the trial court prior to finalizing
> his plea that he had no right to appeal, and so fails to show how
> Foote's alleged failure to file an appeal on his behalf fell below an
> objective standard of reasonableness.
> . . .

> 27. Foote negotiated a plea bargain wherein the applicant would plead
> "no contest" to the trial court, and proceed to a punishment hearing.

> 28. As part of the negotiated plea agreement, the State agreed to
> abandon the enhancement paragraph to reduce the minimum
> punishment range from fifteen years to life in TDCJ-ID down to five
> years to life in TDCJ-ID. *See Writ Application Exhibit B-2.*

> 29. The trial court advised the applicant that because the State
> abandoned the enhancement paragraph as part of the plea bargain, he
> had no right to appeal. *See Writ Application Exhibit B-3.*

(Docket Entry No. 9-6, *Ex parte King,* Application No. 80,768-02, pp. 73, 76).

King has not, by clear and convincing evidence, rebutted the presumption of correctness

owed to the state habeas court's factual determination. *See Batchelor v. Cain,* 682 F.3d 400, 405 (5th

Cir. 2012) (affirming that pursuant to AEDPA, "a determination of a factual issue made by a State

court shall be presumed to be correct," and that presumption must be rebutted by "clear and

convincing evidence") (quoting 28 U.S.C. § 2254(e)(1)); *see also Richards v. Quarterman,* 566 F.3d 553, 563 (5th Cir. 2009) (affirming that "the state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness").  Thus, King's claim cannot survive under *Strickland* and AEDPA's combined, "doubly" deferential review.  *Miller v. Thaler,* 714 F.3d 897 (5th Cir. 2013) (quoting *Harrington v. Richter,* —— U.S. ——, 131 S. Ct. 770, 786 (2011)).

The Texas Court of Criminal Appeals denied habeas relief.  The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  King's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## V.      Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 12), is GRANTED.  King's petition for a writ of habeas corpus is DENIED.  This case is DISMISSED.  King's motion for discovery, (Docket Entry No. 15), is DENIED.  Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)).  Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  Where a district court has rejected a prisoner's

constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies King's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because King has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on ____JULY 20____, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE